**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SIDNEY RABINOWITZ, M.D., and GAIL
LAWSON,

                Plaintiffs,

      -against-

UNITED HEALTHCARE INSURANCE
COMPANY,

                Defendant.

Index No.: 2:23-cv-01996

**AMENDED COMPLAINT**

Plaintiff Sidney Rabinowitz, M.D. ("Plaintiff Rabinowitz"), and Plaintiff Gail Lawson ("Plaintiff Lawson") (collectively, "Plaintiffs"), by and through their attorneys Gottlieb and Greenspan, LLC, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Rabinowitz is a New Jersey medical practitioner registered to do business in the State of New Jersey with a principal place of business at 305 Route 17 South, Paramus, New Jersey 07652.

2.     Plaintiff Lawson is an individual residing in the State of New York, County of Suffern.

3.     Upon information and belief, Defendant is engaged in administering healthcare plans or policies in the State of New Jersey.

4.     Jurisdiction is proper in this Court per 28 U.S.C. § 1332(a). There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5.    Jurisdiction is also proper in this Court per 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). This insurance policy at issue is governed by the Employee Retirement Security Income Act ("ERISA"), 29 U.S.C. § 1001 et seq. The administrative remedies have been exhausted.

6.    Venue is proper in the District of New Jersey because a substantial part of the events or omissions giving rise to the claim occurred in Bergen County, New Jersey.

## FACTUAL BACKGROUND

7.    Plaintiff Rabinowitz is a medical provider who specializes in plastic surgery in Bergen County, New Jersey.

8.    On August 11, 2021, Plaintiff Rabinowitz performed complex surgical treatment on Plaintiff Lawson to treat sternal wound dehiscence in connection with a prior coronary bypass graft. (*See*, **Exhibit A**, attached hereto.)

9.    At the time of her treatment, Plaintiff Lawson was the beneficiary of a health insurance plan for which Defendant served as claims administrator.

10.    Prior to treating Plaintiff Lawson, Plaintiff Rabinowitz requested authorization from Defendant which Defendant granted.

11.    After treating Plaintiff Lawson, Plaintiff Rabinowitz submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant seeking payment for the performed treatment in the total amount of $115,500.00. (*See*, **Exhibit B**, attached hereto.)

12.    Plaintiff Rabinowitz does not have a network contract with Defendant that would determine or limit payment for Plaintiff Rabinowitz's treatment of Defendant's members.

13.    Upon receipt of Plaintiff Rabinowitz's claim, an entity known as Multiplan sent Plaintiff Rabinowitz a single case agreement proposal offering Plaintiff to accept

$92,400.00 as payment in full for the services rendered to Plaintiff Lawson. (*See*, **Exhibit C**, attached hereto.)

14.     Under the terms of the proposed agreement, Plaintiff Rabinowitz was required to accept $92,400.00 as payment in full and thus not "balance bill" Plaintiff Lawson for the difference between $92,400.00 and Plaintiff's billed charges. *Id*.

15.     Under the terms of the proposed agreement, Plaintiff Rabinowitz's acceptance was conditioned on Defendant releasing payment within 10 business days from the date Defendant received the executed agreement from Plaintiff Rabinowitz. *Id*.

16.     Under the terms of the agreement, the agreement would be null and void if Defendant determined that no benefit was payable, or if Defendant did not accept the negotiation terms. *Id*.

17.     On or around December 30, 2021, Plaintiff accepted the single case agreement and submitted the executed agreement to Multiplan pursuant to the instructions contained in the agreement.

18.     On January 7, 2022, within 10 business days of receiving Plaintiff Rabinowitz's executed agreement, Defendant accepted the terms of the agreement and processed payment. (*See*, **Exhibit D**, attached hereto.)

19.     Indeed, Defendant's explanation of benefits explicitly states, "THE OUT OF NETWORK PROVIDER HAS ACCEPTED A DISCOUNT FOR THIS SERVICE BASED ON A FEE NEGOTIATED WITH MULTIPLAN/VIANT." *Id*.

20.     However, Defendant allowed payment for Plaintiff Rabinowitz's treatment in the total amount of only $320.00, which was applied towards Plaintiff Lawson's deductible. *Id*.

21.    Plaintiff Rabinowitz submitted an internal appeal to Defendant seeking the unpaid portion of its charges pursuant to the single case agreement referenced in Defendant's explanation of benefits.

22.    In response to Plaintiff Rabinowitz's appeal, Defendant reimbursed Plaintiff an additional amount of $5,449.27, underpaying the single case agreement rate by $86,630.73, when applying the prior deductible allowance of $320.00. (*See*, **Exhibit E**, attached hereto.)

23.    Moreover, Defendant's explanation of benefits limited Plaintiff Lawson's liability to $6,250.00, leaving the remainder of the single case agreement rate, or alternatively Plaintiff's billed charges, completely unaccounted for.

24.    Presumably, Defendant limited the patient liability portion in accordance with the terms of the single case agreement, whereby Plaintiff Rabinowitz agreed to accept the agreement rate as payment in full, and Plaintiff Lawson's liability would be limited to her co-pay, co-insurance, and deductible portion.

25.    There is no other legal mechanism that would allow Defendant to limit Plaintiff Lawson's liability to $6,250.00 when Plaintiff Rabinowitz's billed charges totaled $115,500.00.

26.    Thus, Defendant attempts to obtain its benefit of the single case agreement, whereby its member is held harmless from a balance bill, while failing to uphold its side of the bargain with respect to issuing proper payment to Plaintiff Rabinowitz.

27.    Moreover, Defendant's failure to pay the agreed upon rate damaged Plaintiff Lawson because, as a result, Plaintiff Lawson is responsible for the unpaid portion regardless of what Defendant writes in its explanation of benefits.

28.     Plaintiff submitted additional appeals to Defendant seeking the remaining balance pursuant to the single case agreement.

29.     However, Defendant failed to issue any additional reimbursement.

30.     As a result, Plaintiffs have been damaged in the amount of $86,630.73.

31.     Accordingly, Plaintiffs commence the within action for recovery of the outstanding balance.

## COUNT ONE – PLAINTIFF RABINOWITZ

## BREACH OF CONTRACT

32.     Plaintiff Rabinowitz repeats and realleges the allegations set forth in paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.     The single case agreement entered into between Plaintiff Rabinowitz and Defendant is a valid and binding contract.

34.     Plaintiff Rabinowitz performed all of its obligations under the single case agreement.

35.     Defendant breached the single case agreement by failing to pay Plaintiff Rabinowitz for the amount due and owing thereunder.

36.     Plaintiff Rabinowitz has repeatedly demanded that Defendant abide by the terms of the single case agreement and pay the balance owed in the total amount of $86,630.73.

37.     However, Defendant has failed and refused to satisfy its obligations pursuant thereto.

38.     Plaintiff Rabinowitz has incurred, and continues to incur, costs and expenses, including attorney's fees, in collecting the sums due under the single case agreement.

39.    As a result, Plaintiff Rabinowitz has been damaged in the amount of $86,630.73 representing the balance due and owing pursuant to the single case agreement.

## COUNT TWO – PLAINTIFF LAWSON

## FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

40.    Plaintiff Lawson repeats and realleges the allegations set forth in paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.    Plaintiff Lawson avers this Count to the extent ERISA governs this dispute.

42.    Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

43.    Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

44.    Under the terms of Plaintiff Lawson's ERISA benefits plan, "[w]hen Covered Health Services are received from a non-Network provider, Eligible Expenses are determined, based on: - Negotiated rates agreed to by the non-Network provider and either UnitedHealthcare or one of UnitedHealthcare's vendors, affiliates or subcontractors, at UnitedHealthcare's discretion."

45.    In this case, a negotiated rate was agreed to between the non-network provider and Defendant and/or Defendant's vendor.

46.    However, Defendant failed and refuses to honor the negotiated rate that it agreed to pay.

47.    As a result, Plaintiff Lawson has been damaged and continues to suffer damages.

**WHEREFORE,** Plaintiffs demand:

1.      On the first cause of action against Defendant in the sum of $86,630.73, together with interest thereon at the legal rate;

2.      On the second cause of action against Defendant in the sum of $86,630.73, together with interest thereon at the legal rate;

3.      Costs and disbursements of the instant action, and;

4.      Such other, further and different relief as this court may deem just, proper and equitable.


GOTTLIEB AND GREENSPAN, LLC
Attorneys for Plaintiffs

By:     /s/Michael Gottlieb
        Michael Gottlieb
        169 Ramapo Valley Road, Suite ML3
        Oakland, New Jersey 07436
        (201) 644-0896


Dated: May 19, 2023